Tim **BERNAL**, Plaintiff,

and

Larry H. **Lockshin**, Appellant,

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY; et al.,**
Defendants—Appellees.

Nos. 03–16631, 03–17280.
D.C. Nos. CV–98–01854–FCD/PAN,
CV–98–01854–FDC/PAN.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 17, 2005.

Larry Lockshin, Attorney at Law, Sacramento, CA, for Plaintiff and Defendants–Appellees.

Charlotte E. Costan, Burbank, CA, for Appellant.

Michael L. Whitcomb, Joseph P. Mascovich, Esq., Robert N. Belt, Roseville, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before ALARCÓN, SILER,** and SILVERMAN, Circuit Judges.

### MEMORANDUM***

Larry Lockshin, counsel for plaintiff Bernal, appeals the district court's orders that sanctioned Lockshin $4,941.87 and denied Lockshin's Rule 60(b) motion to vacate the sanction order. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

■ Lockshin argues that the district court abused its discretion by sanctioning him for mere reckless behavior. We review the district court's sanction order for an abuse of discretion and findings of fact for clear error. *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 760 (9th Cir.2002). This claim fails because the district court sanctioned Lockshin for conduct "tantamount to bad faith" when it found that Lockshin "deliberately" placed the $3 million verdict before the jury and "recklessly" transgressed ethical boundaries and influenced the jury. *See Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir.2001) (holding that the court may sanction for recklessness combined with another factor such as frivolousness, harassment or an improper purpose).

■ We reject Lockshin's argument that a sanction for only one incident of wrongdoing at trial violates public policy. There is no requirement of multiple acts of misconduct as a prerequisite for sanctions. *See, e.g., B.K.B v. Maui Police Dep't,* 276 F.3d 1091, 1106–07 (9th Cir.2002).

■ Lockshin argues that the district court abused its discretion in denying his Rule 60(b) motion alleging that the district court made factual errors. This claim fails because the district court did not clearly err in making any factual findings that were material to the sanction order. Any factual errors concerned immaterial matters.

■ Finally, Lockshin argues that the district court abused its discretion by denying his Rule 60(b) motion to vacate the sanction order after Union Pacific settled with Bernal and agreed to pay its own costs. We review the district court's denial of the Rule 60(b) motion for a clear showing of an abuse of discretion. *S.E.C. v. Coldicutt,* 258 F.3d 939, 941 (9th Cir. 2001). The district court did not abuse its discretion in refusing to vacate the sanction order requiring "Mr. Lockshin *personally* to bear all of defendant's taxable costs related to damages from the trial of *Bernal v. Southern Pacific Transportation Co.*" (emphasis in the original). Mr. Lockshin was not a party to the settlement agreement. The sanction did not impose any duty on Mr. Bernal to pay the costs.

AFFIRMED.

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.